UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH EBERT, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1663 JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Kenneth Ebert's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 23, 2011. (ECF No. 1).

## BACKGROUND

On June 23, 2010, Movant pled guilty to one count of knowingly receiving child pornography. On September 17, 2010, Movant was sentenced to 60 months imprisonment, followed by a lifetime term of supervised release. Movant did not file a direct appeal of his conviction or sentence. In the instant § 2255 Motion, Movant alleges the following eight grounds for relief[1]:

(1) That the Court acted without subject matter jurisdiction in convicting and sentencing Movant, as citizens of Missouri are citizens of "foreign sovereign nations", and thus not subject to federal criminal laws in the absence of a financial connection or presence within the federal territory;

(2) That the indictment in Movant's case was defective, as it failed to establish the essential element of subject matter jurisdiction;

(3) That the charging statute at issue was not applicable to Movant, as a member of the "general public";

---

1 Ground 5 of Movant's motion does not assert an independent claim for relief, but instead posits that others of Movant's claims are not barred by the application of waiver or procedural default. To avoid confusion, throughout this Order the Court will refer to Movant's claims by the numbers utilized in his § 2255 Motion.

> (4) That the Court lacked subject matter jurisdiction over Movant's case, as his private conduct involved non-economic activity, with no effect on interstate commerce, and the offense was not against any law of the United States;
>
> (6) That Movant was denied his Sixth Amendment right to self-representation with the assistance of counsel;
>
> (7) That Movant was denied due process of law when he was convicted and sentenced for child sexual abuse without any evidence of such conduct;
>
> (8) That Movant was "deprived of his constitutional rights to liberty greater than reasonably necessary by prohibiting access to computers and the Internet as a term of supervised release"; and
>
> (9) That the Court exceeded Congress' enumerated powers and violated the Tenth Amendment, by applying a federal statute to private conduct within the territory of a sovereign state.

(§ 2255 Motion, PP. 4-48).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (internal quotation marks and citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion " '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)).

relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Procedurally Defaulted Claims

In Ground 7 of his § 2255 Motion Movant alleges he was denied due process of law, when he was convicted and sentenced for child sexual abuse without any evidence of such conduct. In Ground 8, Movant alleges he was "deprived of his constitutional rights to liberty greater than reasonably necessary by prohibiting access to computers and the Internet as a term of supervised release." (§ 2255 Motion, P. 44). Movant did not raise the claims presented in Grounds 7 and 8 of the instant motion before the Eighth Circuit on direct appeal.

Section 2255 relief ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is 'actually innocent'." *Bousley v. United* States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citations omitted).

Upon consideration, the Court finds Movant fails to establish cause for his failure to raise the claims on direct appeal. Movant further fails to present "convincing new evidence of actual innocence," sufficient to satisfy the miscarriage of justice exception to the procedural bar. *United*

*States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002). As such, the claims raised in Grounds 7 and 8 are procedurally defaulted, and will not be addressed.

**II.     Claims Addressed On The Merits**[3]

    **A.     Ground 1**

In Ground 1 of his § 2255 Motion Movant maintains the Court acted without subject matter jurisdiction in convicting and sentencing Movant, as citizens of Missouri are citizens of "foreign sovereign nations", and thus not subject to federal criminal laws in the absence of a financial connection[4] or presence within the federal territory. As the Court construes Movant's claim, he apparently asserts this Court lacked subject matter jurisdiction to convict him of the crime of receipt of child pornography, because the federal courts do not have jurisdiction over crimes occurring within the fifty states.

18 U.S.C. § 3231 provides in relevant part as follows: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." "Pursuant to section 3231, federal district courts possess original jurisdiction over all violations of federal law." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (citation omitted). Here, count one of the indictment charged Movant with violating 18 U.S.C. Section 2252A(a)(2). Because the indictment sufficiently alleged a violation of a "law[] of the United States," 18 U.S.C. § 3231, this Court possessed jurisdiction over Movant's case, and Ground 1 of his § 2255 Motion must be denied. *United States v. Trotter*, 478 F.3d 918, 920 n. 2 (8th Cir. 2007) ("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss was properly denied."). *See also United States v.*

---

3 Although Respondent maintains Movant's remaining claims are either procedurally defaulted and/or barred by the doctrine of waiver, in an abundance of caution the Court will address the claims on the merits.
4 According to Movant, having a "financial connection" includes accepting "employment, Social Security insurance or FDIC insured bank accounts." (§ 2255 Motion, P. 5).

*Hobbs*, 2012 WL 2458425, at *10 (E.D. Mo. May 15, 2012); *Flanagan v. United States*, 2014 WL 1315230 (E.D. Mo. Mar. 28, 2014).

**B.    Ground 2**

In Ground 2 of his § 2255 Motion Movant maintains the indictment in his case was defective, as it failed to establish the essential element of subject matter jurisdiction. Specifically, Movant maintains the indictment "failed to place facts on the record to establish the extraterritorial jurisdiction of the charging statute." (§ 2255 Motion, P. 10).

As noted above, pursuant to 18 U.S.C. § 3231 the district courts of the United States have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.[5] Here, count one of the indictment included allegations fulfilling every element of a violation of 18 U.S.C. Section 2252A(a)(2). Furthermore, by alleging the acts at issue took place within the Eastern District of Missouri, the indictment established that the United States District Court for the Eastern District of Missouri was the appropriate District Court to hear this case. The Court thus does not find that the indictment in Movant's case was defective, and so Ground 2 of his § 2255 Motion must be denied.

**C.    Ground 3**

In Ground 3 of his § 2255 Motion, Movant alleges that the charging statute at issue was not applicable to Movant, as a member of the "general public." Specifically, Movant maintains the statute at issue cannot be applied to the general public, because the Government failed to "perform the due process requirement of notice by promulgating regulations and publishing them in the Federal Register as required by law." (§ 2255 Motion, P. 15).

---

5 The Court does not agree that in order to charge Movant, a Missouri citizen, with the offense, the Government was required to "place facts on the record to establish the extraterritorial jurisdiction of the charging statute."

Upon consideration, the Court finds that Title 18 of the United States Code applies to members of the general public. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Furthermore, the Court agrees with Respondent that enforcement of the federal child pornography laws does not violate the notice requirements of due process. *See, e.g.*, *United States v. Lamb*, 945 F.Supp. 441, 454 (N.D. N.Y. 1996). Ground 3 is denied.

**D.    Ground 4**

In Ground 4 of his § 2255 Motion Movant alleges the Court lacked subject matter jurisdiction over his case, as Movant's private conduct involved non-economic activity with no effect on interstate commerce, and the offense was not against any law of the United States. As the Court construes Movant's claim, he asserts this Court lacked jurisdiction over him for the crime of receipt of child pornography, because his receipt of such pornography in the privacy of his own home lacked a sufficient interstate nexus.

Upon consideration the Court disagrees, as Movant admitted during his plea proceeding that he received and viewed the images on his home computer, a computer that was manufactured outside the State of Missouri and thus necessarily travelled in interstate commerce before arriving at Movant's residence. (*See* Plea Agreement, Guidelines Recommendations and Stipulations (4:10CR166 JCH, ECF No. 25), PP. 10-11; Change of Plea Hearing Transcript (4:10CR166 JCH, ECF No. 39), PP. 11-14). Movant further acknowledged obtaining the images at issue from the Internet, a facility of interstate commerce. (*Id.*). *See also United States v. Havlik*, 710 F.3d 818, 824 (8th Cir. 2013) (citation omitted) ("The Internet is an instrumentality and channel of interstate commerce.").[6] Ground 4 is denied.

---

6 The Court previously held that Movant's behavior constituted an offense against a law of the United States. *See*

### E. Ground 6

In Ground 6 of his § 2255 Motion Movant alleges he was denied his Sixth Amendment right to self-representation with the assistance of counsel. The Court's review of the record reveals Movant never requested the right to represent himself, nor did he express dissatisfaction with his retained counsel. To the contrary, Movant testified as follows during his change of plea proceeding:

> THE COURT: Now, do you understand that you are under oath and if you would answer any of my questions falsely you might later be prosecuted for making a false statement or for perjury?
>
> MOVANT: Yes, ma'am....
>
> THE COURT: Now, Mr. Ebert, have you received a copy of the indictment or the charges against you?
>
> MOVANT: Yes, ma'am.
>
> THE COURT: And have you had an opportunity to review and discuss those with Mr. Chassaniol (Movant's attorney)?
>
> MOVANT: Yes, ma'am.
>
> THE COURT: Do you have any question about the charges themselves?
>
> MOVANT: No, ma'am.
>
> THE COURT: Are you satisfied with the representation you have received from Mr. Chassaniol in this case?
>
> MOVANT: Yes, ma'am.
>
> THE COURT: Do you have any complaints whatsoever about his representation of you?
>
> MOVANT: No.

---

Section II(A), *supra*.

(Change of Plea Hearing Transcript (4:10CR166 JCH, ECF No. 39), PP. 2, 3-4).[7]

The Eighth Circuit has held that, " '[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant's own testimony demonstrates he proceeded voluntarily with Mr. Chassaniol as his counsel, and that he received effective assistance of counsel. *Smith*, 921 F.2d at 157. Ground 6 of Movant's § 2255 Motion will therefore be denied.

### F. Ground 9

In Ground 9 of his § 2255 Motion Movant alleges the Court exceeded Congress' enumerated powers and violated the Tenth Amendment, by applying a federal statute to private conduct within the territory of a sovereign state. The Court agrees with Respondent that this claim merely reconstitutes various other grounds for relief set forth in Movant's motion. It therefore will be denied for reasons previously articulated.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

---

7 Movant further confirmed that he had had an opportunity to review and discuss the provisions of the Plea Agreement with Mr. Chassaniol, and to discuss the application of the sentencing guidelines in his particular case. (Change of Plea Hearing Transcript (4:10CR166 JCH, ECF No. 39), PP. 5, 7).

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this  18th  Day of April, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE